O

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

LAURIE COLLINS,

               Plaintiff,

      v.

CAROLYN W. COLVIN,
COMMISSIONER OF SOCIAL
SECURITY,

           Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. LA CV 15-2893 JCG

**MEMORANDUM OPINION AND ORDER**

Laurie Collins ("Plaintiff") challenges the Social Security Commissioner's decision denying her application for disability benefits. Specifically, Plaintiff contends that the Administrative Law Judge ("ALJ") improperly assessed the psychological opinions of (1) consultative examining physician Dr. Norma Aguilar, and (2) non-examining medical expert Dr. John F. Simonds. (*See* Joint Stip. at 3-10). The Court addresses Plaintiff's contentions below, and finds that reversal is not warranted.

As a rule, if an ALJ wishes to disregard the opinion of a treating or examining physician, "he or she must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983); *accord Carmickle v. Comm'r, Soc. Sec. Admin.*, 533

1  F.3d 1155, 1164 (9th Cir. 2008).  An ALJ is required only to "consider" a medical

2  expert who neither examined nor treated a claimant.  *Beason v. Colvin*, 611 F. App'x

3  905, 906 (9th Cir. 2015.)

4       A.    The ALJ Properly Assessed Dr. Aguilar's Opinion

5       Here, the ALJ properly assigned "less weight" to Dr. Aguilar's opinion that

6  Plaintiff is moderately limited in her ability to respond to (1) changes in a routine work

7  setting, and (2) work pressure in a usual job setting, for three reasons.  (AR at 31, 789.)

8       First, the moderate limitations were not supported by the overall record.  (AR at

9  30); *see Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004) ("[I]t

10  was permissible for the ALJ to give [medical opinion] minimal evidentiary weight, in

11  light of the objective medical evidence and the opinions and observations of other

12  doctors."); *Kennelly v. Astrue*, 313 F. App'x 977, 978-79 (9th Cir. 2009) (ALJ properly

13  discounted physician recommendations that were inconsistent with treatment notes).

14  For example, (1) Plaintiff voluntarily sought emergency psychiatric evaluations simply

15  to prove to her husband that she is not "crazy"; (2) treating psychologist notes did not

16  provide detailed descriptions of symptoms, progress, mental status, or assessment of

17  Plaintiff's mental health; and (3) after a February 2012 psychosocial assessment

18  showing primarily marital and relationship problems, there was an absence of

19  treatment until April 2013.[1]  (*Id.* at 30-31, 42, 45, 162, 165, 186, 432, 434, 436, 441-

20  443, 450-51, 476, 478-79, 514, 530, 663, 665, 682, 686, 689, 722-29, 733-34, 736,

21  740, 743, 749-50, 794, 801, 804-05, 832, 847, 853, 858.)

22       Second, Plaintiff's treatment primarily consisted of counseling and therapy

23  sessions, and Plaintiff was able to manage her symptoms without psychotropic

24  medications.[2]  (AR at 31-32, 162-63, 219, 224, 332, 341-42, 371, 375, 391, 409, 432-

25  _____

26  [1]    In addition to this gap noted by the ALJ, Plaintiff also had an earlier, year-long gap in
      treatment.  (AR at 845.)

27  [2]    Plaintiff notes that she took Ativan, a drug which can be used to treat anxiety.  (Joint Stip.
28  at 9.)  However, the record shows she was prescribed that drug to treat muscle spasms on an
      as-needed basis.  (AR at 341-42, 558-59); *see Carrelli v. Comm'r Soc. Sec.,* 390 F. App'x 429, 436

1 | 34, 473, 493, 503, 686, 747, 749, 824, 867); *see Warre v.Comm'r of Soc. Sec. Admin.*,

2 | 439 F.3d 1001, 1006 (9th Cir. 2006) (impairments that can be controlled effectively

3 | are not disabling for the purpose of determining eligibility for Social Security

4 | benefits); *Crane v. Shalala*, 76 F.3d 251, 254 (9th Cir. 1996) (ALJ properly discounted

5 | medical testimony based on claimant's response to treatment for depression and

6 | anxiety).

7 | Third, Plaintiff was able to perform activities of daily living – including

8 | activities acknowledged in Dr. Aguilar's own opinion – such as "tak[ing] care of my

9 | business," riding the bus, shopping, cooking, exercising, dancing, skating, and fishing.

10 | (AR at 31-32, 188 (Plaintiff's admission that she can take care of her personal needs,

11 | and do all physical activities, "but at her own pace"), 311, 689, 787); *see Ghanim v.*

12 | *Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (inconsistency between physician's

13 | opinion and claimant's daily activities may justify rejection of opinion); *Holien v.*

14 | *Colvin*, 2014 WL 4629677, at *9 (E.D. Wash. Sept. 16, 2014) (ALJ properly relied on

15 | claimant's daily activities in rejecting opinion – including activities noted in doctor's

16 | own records – such as ability to manage own finances, go shopping, ride public

17 | transportation, read, and fish).

18 | Thus, the ALJ properly rejected Dr. Aguilar's opinion.

19 | B.    The ALJ Properly Assessed Dr. Simonds' Opinion

20 | The ALJ also properly considered and assigned "little weight" to Dr. Simonds'

21 | opinion testimony that Plaintiff was limited to occasional interaction with the public

22 | and coworkers, for the same valid reasons he discounted Dr. Aguilar's opinion.  (AR at

23 | 32, 42-43.)

24 |

25 | _____

26 | (6th Cir. 2010) (rejecting claimant's argument that her history of using psychotropic medications was
evidence of mental impairment because her medications, including Ativan (lorazepam), were

27 | prescribed for other medical purposes such as sedation, muscle spasms, and sleeping); *Wyatt v.*
*Colvin*, 2013 WL 3233330, at *3 (C.D. Cal. June 25, 2013) (describing Ativan as a muscle relaxant).

28 | Moreover, Plaintiff repeatedly turned down psychotropic medications because she felt she did not
need them.  (*See* AR at 32, 665-66, 671, 801, 847, 854, 858-59, 861, 863, 867.)

Additionally, there was a lack of evidence that Plaintiff had *significant* problems interacting with others, except her husband due to marital issues, as Dr. Simonds seemed to acknowledge in his testimony. (AR at 32, 42 (Dr. Simonds' testimony that "the big [diagnosis] seems to be a partner/relationship problem" but noting that is not a listed condition), 46, 434, 436 (Plaintiff explaining to doctor "My husband is the crazy one, not me."), 441-43, 447, 450, 453, 460, 667-68, 689, 705, 749-50, 801, 805, 812, 842, 864, 866); *Zettelmier v. Astrue*, 387 F. App'x 729, 731-32 (9th Cir. 2010) (internal inconsistency within doctor's own opinion provided proper basis to discredit it); *cf. Adkins v. Astrue*, 2011 WL 529756 at *18 (W.D. Mo. Feb. 4, 2011) (complaint of disabling psychiatric condition discounted by evidence that showed symptoms were related to situational stressors, such as marital problems).

Thus, the ALJ properly considered Dr. Simonds' opinion.

Based on the foregoing, **IT IS ORDERED THAT** judgment shall be entered **AFFIRMING** the decision of the Commissioner denying benefits.

DATED: April 08, 2016

_____
Hon. Jay C. Gandhi
United States Magistrate Judge

\*\*\*

**This Memorandum Opinion and Order is not intended for publication. Nor is it intended to be included or submitted to any online service such as Westlaw or Lexis.**

\*\*\*